IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MALAYSIA WALTON**                                                                               **PLAINTIFF**

**V.**                                    **NO.: 3:20-cv-211-MPM-JMV**

**CITY OF TUNICA, MISSISSIPPI, et al.**                              **DEFENDANT**

**ORDER**

Upon further review of the docket of this action and pursuant to the notice entered by the clerk of court on March 29, 2022, [104], it appears to the court that defendant, Bobby Jefferies, ("Jeffries") has not been served with the complaint within the additional time granted by this court per Order. [85]. Because it is now past the deadline to effectuate service of process granted by this court and no motion has been filed requesting additional time for service, the undersigned will recommend that the complaint be dismissed as to Bobby Jefferies, unless the Plaintiff shows excusable neglect for failure to timely serve the complaint on defendant, Bobby Jefferies, within five (5) business days.

**I.**      **Procedural History**

Plaintiff filed her complaint on July 16, 2020. [1]. Thereafter, Plaintiff sought and was granted leave to file an amended complaint. [44]. The Amended complaint was filed on September 7, 2021. The defendant, Bobby Jeffries, had not been served at this time and the Plaintiff made a motion for extension of time to issue service to Jeffries on January 3, 2022. The court granted the motion and gave the Plaintiff thirty (30) days from January 6, 2022, to serve Bobby Jeffries. [85]. Next, a summons was docketed as being returned unexecuted as to Jeffries on March 31, 2022. [104]. The proof of service on the returned summons, dated February 15, 2022, notes that the Shelby County Sheriff's Office in Tennessee attempted and was ultimately unable to serve Bobby

Jeffries. *See id.* As of the date of this order, the Plaintiff has not sought a further extension nor provided the court with any further information regarding service.

  **II.**  **Law and Analysis**

  Pursuant to Fed. R. Civ. P. 6(b)(1):

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

FED. R. CIV. P. 6(b)(1).

"Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (citing *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 161 n. 8 (5th Cir. 2006)). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *Id.* (citing *McCarty v. Thaler*, 376 F. App'x 442, 443–44 (5th Cir. 2010)).

  The court granted the motion for an extension of time to serve Bobby Jeffries pursuant to Rule 4 and gave the Plaintiff until February 5, 2022, to serve Jeffries. [85]. However, Plaintiff failed to timely complete service of process by the extended deadline. The docket reflects an unexecuted summons filed on March 39, 2022, [104], which reflects that a single attempt was made on February 8, 2022, which is already three days past the date for service. Given the above, consideration of any further extension falls under Fed. R. Civ. P. 6(b)'s "excusable neglect" standard and the Plaintiff must show excusable neglect for the failure to timely serve Bobby Jeffries.

**IT IS, THEREFORE, ORDERED**:

That the undersigned will recommend that the complaint be dismissed as to Bobby Jefferies unless the Plaintiff shows excusable neglect for failure to have timely served the complaint on him within five (5) business days.

**SO ORDERED** this 9th day of May, 2022.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**